J-A22036-21

2022 PA Super 6

| | | |
|---|---|---|
| Z.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.P. | : | |
| | : | |
| | : | No. 547 MDA 2021 |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |

Appeal from the Order Entered April 14, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2019-FC-2270-03

BEFORE:  BOWES, J., OLSON, J., and KING, J.

CONCURRING STATEMENT BY BOWES, J.:          **FILED JANUARY 06, 2022**

I agree with the learned majority's cogent explanation that "nothing in Section 6334.1 or 6365(c) of the [Child Protective Service Law ("CPSL)"] contemplates a custody court's role in the investigatory process."  Majority Opinion at 27.  It is beyond cavil that the custody court's authority in this matter was limited to its best-interests determinations under the Child Custody Law.[1]  Thus, while the custody court had admirable intentions in limiting the number of forensic interviews that R.P. and A.P. will be forced to endure and in attempting to ensure that any interviewers are familiar with the

---

[1] Pennsylvania Rule of Civil Procedure 1915.11(b) outlines the custody court's authority to interrogate a child in a custody action.

complete family history, it lacked the authority to impose those restrictions on the criminal investigation.

I write separately only to emphasize my concern with the situation highlighted by the trial court's hypothetical questions relating to who, if not the presiding custody court, is authorized to ensure that the child abuse investigation satisfies the standards and procedures mandated by the CPSL or settle disputes within the multidisciplinary team that affect the child victim. *See* Trial Court Opinion, 5/11/21, at 18. ("the Commonwealth is directed to have and implement standards and procedures to 'avoid duplication of fact-finding efforts and interviews to minimize the trauma to the child.' But if not the court, who holds them to those standards?"). While the majority discusses the various levels of policy-based oversight, the disturbing reality is that, under the circumstances of this case, there is a vacuum of court supervision to address the authentic problems that the trial court articulated.

Typically, the juvenile division would address these concerns under the authority of the Juvenile Act. Child abuse cases are governed primarily by the Juvenile Act and CPSL, which have the shared goals of protecting the safety and well-being of children. *See* Pennsylvania Dependency Benchbook (3d ed.) § 21.14. Indeed, the Juvenile Act explicitly provides that a child service agency may petition the juvenile division for a finding of abuse. *See* 23 Pa.C.S. § 6370(b)(2)(i). As we recently reiterated,

> The Legislature intended a detailed and specific definition of abuse to leave no doubt as to the capacity of the trial court, which

in this case can only be the Juvenile Court, to make a finding and determination that a child has been abused. In its capacity as a trial judge, the Juvenile Court judge will look and must look to the . . . definition of child abuse in a case referred by the child protective service agency to the Court under petition for review of dependency when child abuse has been alleged.

*Interest of A.B.*, ___ A.3d ___, 2021 WL 4261340, at *4 (Pa.Super.2021 (quoting *In the Interest of J.R.W.*, 631 A.2d 1019, 1024 (Pa.Super. 1993)). Hence, the Juvenile Act and the CPSL are intertwined in matters where the jurisdiction of the juvenile division has been invoked. *See In re L.Z.*, 111 A.3d 1164, 1176-77 (Pa. 2015).

Had the trial court acted under the auspices of the juvenile division, which it did not, I would not doubt the court's authority to address the precise concerns that it outlined in its hypothetical, and to supervise the multidisciplinary team's efforts. Unfortunately for R.P. and A.P. in this limited regard, the juvenile division does not have jurisdiction in this custody case because that court's involvement was never triggered by the filing of a petition for dependency, protective custody, or out of home placement. Phrased differently, because a child service agency apparently did not believe the current allegations warranted the filing of any of these protections, the juvenile division's authority has not yet been triggered.

Judge Olson joins this Concurring Statement.

- 3 -